UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN CHARO COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH ROBINETTE BIDEN, et al.,<br><br>Defendants. | Case No.  1:24-cv-01309-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE AND WITHOUT LEAVE TO AMEND, FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

## I. INTRODUCTION

Plaintiff Marvin Charo Collins proceeds *pro se* in this civil case.[1] (ECF No. 1). Generally, Plaintiff alleges that government officials, including President Joseph Biden, have violated the Lanham Act, federal criminal statutes, and his civil rights.

Because the complaint is absolutely meritless, the Court lacks subject-matter jurisdiction and the undersigned will recommend that the complaint be dismissed with prejudice and without leave to amend.

## II. PENDING CASES

Plaintiff has two pending cases that are relevant here.[2] Plaintiff filed this case on October 25, 2024, suing (1) President Biden; (2) Phillip Talbert, United States Attorney for the Eastern

---

[1] Plaintiff paid the filing fee in this case and is not proceeding *in forma pauperis*.
[2] For readability, minor alterations, like changing capitalization and correcting misspellings, have been made to some of Plaintiff's quotations without specifying each change.

District of California; (3) Brittany Gunter, Assistant United States Attorney; and (4) United States Magistrate Judge Barbara A. McAuliffe. (ECF No. 1). He lists various federal statutes—Lanham Act provisions, criminal statutes, and a civil rights statute—as the basis for federal question jurisdiction. He seeks approximately $3 million in damages based on "crimes by government." He includes conclusory assertions against the Defendants, *e.g.*, "conspiracies to violate constitutional rights," "violation of oath," and "treason."

Plaintiff offers no developed allegations to indicate how any Defendant violated the statutes at issue. Rather, in his statement of his claims, Plaintiff states: "Precedents of law establish by court case which are in violation of law, render violation of law legally unassailable. Such a situation violations several specifically stated intents and purposes of the Constitution set forth in the Preamble."

Three days after filing the instant case, Plaintiff filed a materially similar case in this District, 1:24-cv-1313-JLT-EPG, suing the same Defendants.[3] While the plaintiff is listed as Collins Charo Capital, LLC (the LLC), Plaintiff signed the complaint with his name, *i.e.*, Marvin Collins. The complaint lists the same Lanham Act provisions (albeit adding an additional provision) as the basis for federal question jurisdiction as in the instant case. The LLC seeks approximately $2 million in damages based on "infringement by government." However, the LLC provides no developed allegations as to how any Defendant violated its rights. Rather, in the LLC's statement of its claims, it states as follows:

> Via a phone call [on October 18, 2024] it was mentioned to managing director a warrant for an arrest in the name of the company's intellectual property, i.e., trademark(s) that identifies goods or services and distinguishes the company from competition.
>
> A message was pass via phone call, stating a warrant for an arrest for the name "Marvin Collins," which is a trademark, along with "Marvin Charo Collins" from a government agency, person acting for the United States Department of the Treasury.
>
> Collins Charo Capital, LLC could and will suffer losses that would make it difficult to compensate or measure, the company would sustain false designations of origin, false description, and dilution forbidden.

(1:24-cv-1313-JLT-EPG, ECF No. 1, pp. 4-5).

---

[3] The Court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

Also, in 1:24-cv-1313-JLT-EPG, the LLC has filed a "notice to cease and desist" addressed to Judge McAuliffe based on her purported "unauthorized use of the trademark Marvin Charo Collins." (1:24-cv-1313-JLT-EPG, ECF No. 4).

In both cases, Plaintiff includes "UCC 1-308" in the signature section by his name.

### III. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Here, Plaintiff invokes federal question jurisdiction. Under federal question jurisdiction, federal district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Further, "it is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, the Supreme Court has held that a court lacks jurisdiction over absolutely meritless claims:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904); 'wholly insubstantial,' *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 550-551, 7 L.Ed.2d 512 (1962); 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); 'plainly unsubstantial,' *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933); or 'no longer open to discussion,' *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 31, 54 L.Ed. 95 (1909).

*Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

\\\

### IV. ANALYSIS

While it is difficult to decipher Plaintiff's complaint, when considered in conjunction with his materially similar case, he appears to allege that Defendants have violated various federal laws in connection with a warrant issued for his arrest. However, for the reasons discussed below, such claims are absolutely meritless.

While this is purportedly a civil rights case, the only civil rights provision that Plaintiff cites is 42 U.S.C. § 1985(3), which provides as follows:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

> "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States."

*Gilliespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980), *citing Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102.

Plaintiff fails to include any developed allegations to state a § 1985(3) claim. Rather,

Plaintiff appears to have filed this lawsuit because he is displeased that an arrest warrant has been issued against him. This is an insufficient basis to allege a civil rights violation under § 1985(3).

Plaintiff's other cited federal statutes fair no better. Plaintiff relies on various criminal provisions, including 18 U.S.C. § 241 and 242, which concern conspiracy against or deprivations of a person's rights. But "[t]hese criminal provisions . . . provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (addressing §§ 241, 242). Rather, "unless a specific statute provides for a private right of action, courts have found that violations of Title 18 are properly brought by the United States government through criminal proceedings and not by individuals in a civil action." *Banuelos v. Gabler*, No. 1:18-CV-00675-LJO-SAB, 2018 WL 2328221, at *3 (E.D. Cal. May 22, 2018).

Lastly, Plaintiff relies on the Lanham Act, the key provision being 15 U.S.C. § 1125(a), which provides as follows:

> **(a) Civil action**
>
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

Plaintiff appears to be alleging that Defendants violated this provision by using his name in connection with an arrest warrant. However, there is no legal support for such a position. Notably, the Lanham Act requires a person's conduct to be in connection with "commerce," which is absent here.

Lastly, Plaintiff's use of "UCC 1-308" by his name also illustrates the frivolousness of this action. UCC 1-308(a) provides as follows: "A party that with explicit reservation of rights

5

performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest,' or the like are sufficient."

Plaintiff's intent behind citing this provision is unclear. However, similar notation has been used by persons who consider themselves to be "sovereign citizens." *See Hill v. Rivera*, No. ED CV 22-0060-JLS(E), 2022 WL 21663917, at *1 (C.D. Cal. Mar. 14, 2022) (noting plaintiff's signing complaint with reference to UCC 1-308 and self-identification as a sovereign citizen); *Joe Elton Mosley, LLC v. Walmart*, No. 3:20-CV-00184-MMD-WGC, 2020 WL 1846553, at *2 (D. Nev. Mar. 26, 2020), *report and recommendation adopted*, 2020 WL 1821307 (D. Nev. Apr. 10, 2020) (noting that a plaintiff's IFP application with UCC 1-308 inserted above plaintiff's name indicated "an adherence to the 'sovereign citizen' anti-government movement").

Generally, sovereign citizens disclaim any authority by government authorities over them based on the person's own purported sovereignty. *See Vazquez v. California Highway Patro*, No. 2:15-CV-756-JAM-EFB (PS), 2016 WL 232332, at *2 (E.D. Cal. Jan. 19, 2016) (explaining "sovereign citizen" ideology). To the extent that Plaintiff attempts to assert any sovereign citizen ideology in this case, courts have uniformly rejected such arguments as completely meritless. *Mackey v. Bureau of Prisons*, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (noting that "[c]ourts across the country" have rejected sovereign citizen arguments "as frivolous, irrational, or unintelligible"). Moreover, "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

In short, all of Plaintiff's claims are absolutely meritless so as to deprive the Court of jurisdiction.

V.    **CONCLUSION AND RECOMMENDATIONS**

Because Plaintiff's claims are absolutely meritless for the reasons given above, it is clear that the complaint could not be saved by amendment; thus, the Court will recommend that the complaint be dismissed with prejudice and without leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be

saved by amendment."); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Accordingly, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice and without leave to amend, for lack of subject-matter jurisdiction.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 11, 2024**         /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE